UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO GONZALEZ LOPEZ,<br><br>         Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | Case No.: 22-CR-2910 W<br>     24-CV-0505 W<br><br>**ORDER (1) SETTING BRIEFING SCHEDULING FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2255) AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [DOC. 35]** |

  Petitioner has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition") and a motion for appointment of counsel.  In the motion for appointment of counsel, Petitioner "states that he is unlettered in the law, and previously was represented by a Public Defender during the course of court proceedings." (*See Mot.* [Doc. 35] at 1.) Petitioner, "[t]herefore, asks this Honorable Court to appoint counsel for him to better articulate his case." (*Id.*)

  The court may appoint counsel for financially eligible persons seeking habeas relief if "the interests of justice so require."  28 U.S.C. § 3006A (a)(2)(B).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).  Additionally, appointed counsel is mandated when (1) necessary for effective discovery, or (2) an evidentiary hearing may occur.  *Weygandt*, 718 F.2d at 954.

      Here, Petitioner has "offered no argument to the effect that he ha[s] any requisite likelihood of success." *Rand*, 113 F.3d at 1525. Additionally, the Petition, which sets forth four theories supporting his ineffective assistance of counsel claim, demonstrates Petitioner's ability to articulate his claims. Furthermore, based on the terms of Petitioner's Plea Agreement, his representations during the sentencing hearing and the basis of his ineffective assistance of counsel claim, the Court finds the appointment of counsel is not warranted at this time.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** the motion for appointment of counsel [Doc. 35]. If subsequently the Court determines that discovery or an evidentiary hearing is required, counsel will be appointed in accordance with Rule 6(a) or Rule 8(c) of the Rules Governing Section 2255 Proceedings.

      In light of the foregoing, the Court **ORDERS** the following briefing schedule on the Petition:

1. The United States shall file and serve a response to the Petition no later than **May 15, 2024**.  The pleading shall include any documents relevant to the determination of the issues raised in the Petition.

2. Petitioner may file a reply on or before **June 14, 2024**.

Upon the filing of the foregoing, the parties shall await further order of this Court.

      **IT IS SO ORDERED**.

Dated:  April 8, 2024

_____
Hon. Thomas J. Whelan
United States District Judge