# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO GONZALEZ LOPEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 22-CR-2910 W<br>24-CV-0505 W<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO COMPEL [DOC. 41] AND RESETTING BRIEFING SCHEDULE FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2255)** |

Petitioner Marco Antonio Gonzalez Lopez has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (the "Petition" [Doc. 34]). The Petition raises the following three grounds for relief: (1) defense counsel failed to "consult, apprise, inform, effectively advise, and show discovery to Petitioner;" (2) defense counsel failed to "explain and discuss Petitioner's decision to plead guilty or opt to trial;" and (3) defense counsel was "misleading, inaccurate, deceptive, and omitted set of facts and advice," and "failed to discuss the elements to the charges, the Sentencing Guidelines and Petitioner's Level on the U.S.S.G." (*Petition P&A* [Doc. 4-1] at 4:1—6:2.)

On April 8, 2024, this Court issued a briefing schedule on the Petition, requiring Respondent United States of America to respond on or before May 15, 2024. (*See Scheduling Order* [Doc. 39].) On April 19, 2024, Respondent filed a motion to compel

the production of privileged communications between Petitioner and his former defense counsel, Hector Tamayo, related to the issues raised in the Petition and an affidavit from Mr. Tamayo responding to the issues raised in the Petition. (*See Motion* [Doc. 41].) Respondent also requested a stay of the briefing schedule until after the communications and affidavit are provided. (*Id.* at .) The motion was served on Petitioner and Mr. Tamayo. To date, there has been no response to the motion.

It is well established that where a former client has chosen to raise ineffective assistance of counsel as a basis for a petition under 28 U.S.C. § 2255, there is a limited waiver of the attorney-client privilege. *Bittaker v. Woodford*, 331 F.3d 175 (9th Cir. 2003). Because the Petition's requested relief is based on Mr. Tamayo's alleged ineffective assistance of counsel, the Court finds that if Petitioner chooses to pursue the claims in the Petition, he will have waived the attorney-client privilege as to all communications between him and Mr. Tamayo regarding the claims raised in the Petition. Accordingly, for good cause shown, the Court **GRANTS** Respondent's motion [Doc. 41] and **ORDERS** as follows:

1. On or before **June 10, 2024**, Petitioner Marco Antonio Gonzalez Lopez shall respond, in writing, as to whether he intends to pursue his Petition (the § 2255 motion), or whether he intends to abandon the claim in order to avoid waiving the attorney-client privilege.

2. If Petitioner elects to pursue his claims, or if he has not responded to this order by **June 10, 2024**, the Court finds he has waived the attorney-client privilege as set forth above and on or before **July 1, 2024**, Petitioner's former counsel, Hector Tamayo, shall provide an affidavit to Respondent as to all matters relating to the pending Petition. The substance of the communications between Petitioner and Mr. Tamayo, and the resulting affidavit from Mr. Tamayo, may be used only by representatives of the United States Department of Justice, and only for purposes of any proceedings incident to litigating the claims presented in the Petition

pending before this Court. This order shall continue in effect after the conclusion of those proceedings and specifically shall apply in the event of a trial of all or any portion of the Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon final entry of judgment in this matter.

3. Respondent's time for filing its response to the Petition is continued to **August 1, 2024**. The pleading shall include any documents relevant to the determination of the issues raised in the Petition.

4. Petitioner may file a reply on or before **August 30, 2024**.

Upon the filing of the foregoing, the parties shall await further order of this Court.

**IT IS SO ORDERED**.

Dated: May 13, 2024

_____
Hon. Thomas J. Whelan
United States District Judge